# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

DAVID LOIACONO,

    Plaintiff,

    v.

TARGET CORPORATION, et al.,

    Defendants.

No. 3:17-cv-535 (VAB)

**RULING AND ORDER ON MOTION TO IMPLEAD AND MOTION TO REMAND**

On March 3, 2017, David Loiacono ("Plaintiff"), after he allegedly slipped and fell on snow and ice in a Target parking lot in Waterford, Connecticut, filed a lawsuit against Target ("Defendant") in the Superior Court of Connecticut. Not. of Removal at 1, ECF No. 1; Underlying Compl., ECF No. 1 Ex. A. Target then removed to this Court, claiming diversity jurisdiction under 28 U.S.C. § 1332. Not. of Removal.

On January 23, 2018, Target filed a motion to implead Allied Snow Plowing, Removal & Sanding Services Corporation ("Allied") and filed a proposed third-party Complaint. Mot. to Implead, ECF No. 25. On the same day, Mr. Loiacono and Target filed a joint motion to remand to the Superior Court of Connecticut. Mot. to Remand, ECF No. 26.

For the following reasons, Target's motion to implead is **GRANTED** and the parties' joint motion to remand the case is **DENIED** without prejudice to renewal on a basis other than a lack of subject-matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Loiacono is a Connecticut resident. Not. of Removal at 8. Target, formerly known as Dayton Hudson Corporation, has its principal place of business in Minneapolis, Minnesota. *Id.* at 2. Target owns and operates a store in Waterford, Connecticut. Underlying Compl. ¶ 1. Allied is a Connecticut corporation with a principal place of business in Mystic, Connecticut. Mot. to Remand.

### A. Factual Allegations

Mr. Loiacono alleges that, on March 5, 2015, at about 2:00 p.m., after snow had fallen in Waterford and the weather had cleared, he and his wife drove to Target. Underlying Compl. ¶¶ 7–8. Mr. Loiacono allegedly parked in the middle of the parking lot, which had been plowed or was being plowed at the time. *Id.* ¶¶ 9–10. As he was walking through the parking lot, Mr. Loiacono allegedly fell and injured his knee, "tearing the tendons and ligaments along with rupturing his quad muscle." *Id.* ¶ 12. His wife drove him to the hospital, and approximately five days later, after his swelling had decreased, an MRI confirmed Mr. Loiacono's injuries. *Id.* ¶ 14. Mr. Loiacono alleges that Target knew or should have known of the condition of the parking lot, and he alleges that his injuries were caused by the negligence and carelessness of Target and its agents for failing to properly care for the condition of the lot. *Id.* ¶¶ 16–17.

### B. Procedural History

On March 3, 2017, Mr. Loiacono sued Target in the Superior Court of Connecticut. Not. of Removal at 1, ECF No. 1; Underlying Compl. Target then removed to this Court, claiming diversity jurisdiction under 28 U.S.C. § 1332. Not. of Removal. at 1.

On January 23, 2018, Target moved to implead Allied and filed a proposed third-party Complaint. Mot. to Implead. Mr. Loiacono has not opposed the motion. On the same day, Target

and Mr. Loiacono filed a motion to remand to the Superior Court of Connecticut, explaining that Target's third-party Complaint against Allied would destroy diversity. Mot. to Remand at 1.

## II. STANDARD OF REVIEW

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it.") (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010)).

A plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332 "when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. § 1332(a)). The Court therefore must determine whether, at the time of filing, the parties were completely diverse and the amount in controversy exceeded $75,000. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'") (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)); *see also CP Solutions PTE, Ltd. v. General Elec. Co.*, 470 F. Supp. 2d 151, 155 (D. Conn. 2007) ("[O]nce the issue of lack of diversity jurisdiction is raised, a Court must first determine its jurisdiction before ruling on other matters.").

Under Federal Rule of Civil Procedure 14, "[a] defendant party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). If, however, the third-party plaintiff files

3

the motion more than fourteen days after it serves its original answer, it must obtain the court's leave to file the third-party complaint. *Id.* The third-party plaintiff "may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a)(3).

"By design, Rule 14(a) 'promote[s] judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim.'" *Kyser v. Connecticut Southern R.R.*, 2013 WL 3354425, at *2 (D. Conn. July 3, 2013) (quoting *Hines v. Citibank, N.A.*, 96 CV 2565 (RJW), 1999 WL 440616, at *2 (S.D.N.Y. June 28, 1999)). The right to implead parties, however, "is not automatic . . . and the decision whether to permit a defendant to implead a third party rests within the sound discretion of the trial court[.]" *Id.* (citing *Consolidated Rail Corp. v. Metz*, 115 F.R.D. 216, 218 (S.D.N.Y. 1987) and *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984) (*per curiam*)).

## III.   DISCUSSION

Target seeks to implead Allied because, Target claims, Allied "was required to remove snow and ice from the parking lot at the Target store in Waterford, Connecticut on March 5, 2015," the day that Mr. Loiacono allegedly slipped and fell. Mot. to Implead at 1. Target argues that, under its contract with Allied, Allied may be liable to Target for all or part of the claim against Target. *Id.* Target therefore argues that Allied will not be prejudiced by being brought into the lawsuit. *Id.*

In addition, both parties moved to remand this case to the Connecticut Superior Court. Mot. to Remand. The parties explained that "[r]emand is sought because Target has filed a motion to implead [Allied,] which is a Connecticut corporation with a principal place of business

in Mystic, Connecticut," and "[i]f the Court grants Target's motion to implead, there will no longer be diversity among the parties, and therefore subject matter jurisdiction will no longer exist." *Id.* at 1.

For the reasons that follow, the Court grants the motion to implead and denies the motion to remand without prejudice to renewal.

The Court agrees with Target that Target's claims against Allied stem from the same "transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff," namely, whether Target and/or Allied negligently failed to remove ice and snow from Target's parking lot on March 5, 2015. *See* Fed. R. Civ. P. 14(a)(3); *see also* Proposed Third-Party Compl., ECF No. 25-1; Not. of Removal Ex. A (Underlying Compl.).

The Court disagrees, however, with the parties' concern that, if the Court grants the motion to implead, diversity will be destroyed. *See* Not. of Removal at 8 (stating that Mr. Loiacono lives in New London, Connecticut); Proposed Third-Party Compl. ¶ 10 (stating that Allied is located in Mystic, Connecticut).

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978). Under 28 U.S.C. § 1332, the Court has original jurisdiction to hear civil cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332. The Court has diversity jurisdiction over a case only when there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 51–52 (2d Cir. 2000) ("Diversity jurisdiction requires that 'all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.") (quoting *E.R. Squibb & Sons, Inc. v.*

*Accident & Cas Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998)). "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (citing *Kroger*, 437 U.S. at 373).

Here, the Court has original jurisdiction over this case under 28 U.S.C. § 1332, and it was properly removed from state court under 28 U.S.C. §§ 1441 and 1446, because the original parties, Mr. Loiacono and Target, were diverse, and the amount in controversy exceeded $75,000. *See* Not. of Removal ¶¶ 2–3; Underlying Compl., Not. of Removal at 9–13; *see also Grupo v. Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends on the state of things at the time of the action brought.'") (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)); *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) ("[I]t must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether [the defendant] was a citizen of—*i.e.*, domiciled in . . .—a state other than the state in which [the plaintiff] was incorporated and the state in which it had its principal place of business . . . .").

The Court next must determine whether it has subject-matter jurisdiction over Target's third-party claims against Allied. *See Kyser*, 2013 WL 3354425, at *2 ("Before examining the substance of the third party claims, it is incumbent on the Court to determine whether there is adequate subject matter jurisdiction over the third party claims."); *see also Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000) ("[W]hether a court has subject matter jurisdiction over a third-party . . . is distinct from an assessment of the propriety and merits of an impleader action.").

Target's third-party Complaint raises a question of ancillary jurisdiction, not original jurisdiction. *See id.* at 436 ("Ancillary and pendent jurisdiction refer to the power of a federal court, once it acquires jurisdiction over a case and controversy properly before it, to adjudicate other claims sufficiently closely related to the main claim even though there is no independent basis for subject matter jurisdiction over the related claims.") (quoting *Baylis v. Marriott Corp.*, 843 F.2d 658, 663 (2d Cir. 1988)). A court may have ancillary jurisdiction over "claims made by parties other than the plaintiff which have no independent subject matter jurisdictional basis[.]" *Id.* (quoting *Aetna Cas. & Sur. Co. v. Spartan Mech. Corp.*, 738 F. Supp. 664, 668 (E.D.N.Y. 1990)); *see also Kroger*, 437 U.S. at 375 ("It is true . . . that the exercise of ancillary jurisdiction over nonfederal claims has often been upheld in situations involving impleader, cross-claims or counterclaims.").

Ancillary jurisdiction addresses the "practical needs" of federal courts to hear closely related claims at once. *Kroger*, 437 U.S. at 377 ("Congress did not intend to confine the jurisdiction of federal courts so inflexibly that they are unable to protect legal rights or effectively to resolve an entire, logically entwined lawsuit. Those practical needs are the basis of ancillary jurisdiction."). Moreover, the Second Circuit has explained that the district court has discretion to exercise ancillary jurisdiction more liberally than to exercise pendent jurisdiction because the ability to bring in a third-party should be more readily available to the defendant than to the plaintiff. *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1126 (2d Cir. 1990) ("[A]ncillary jurisdiction should be more readily available to one haled into court against his or her will than to a plaintiff who has chosen the forum for litigation."); *cf Finley v. United States*, 490 U.S. 545, 551 (1989) (describing a federal court's authority to hear ancillary claims as "narrow").

Here, the Court has ancillary jurisdiction over Target's third-party Complaint. *See also Bank of India*, 239 F.3d at 436–37 ("It is well-settled that a third-party action for indemnification comes within a court's ancillary jurisdiction."). Although Mr. Loiacono chose to assert his claim originally in state court, it was properly removed to this Court, and Target's third-party Complaint "depend[s] at least in party upon the resolution of the primary lawsuit[.]" *Kroger*, 437 U.S. at 376 (explaining that a third-party complaint's "relation to the original complaint is thus not mere factual similarity but logical dependence").

Moreover, Target's allegations against Allied in its proposed third-party Complaint stem from the same "transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff," namely, whether Target and/or Allied negligently failed to remove ice and snow from Target's parking lot on March 5, 2015. *See* Fed. R. Civ. P. 14(a)(3); *see also* Proposed Third-Party Compl., ECF No. 25-1; Not. of Removal Ex. A (Underlying Compl.). The Court therefore finds that it may exercise ancillary jurisdiction over Target's third-party claim against Allied, and that Target may bring in Allied as a third-party defendant under Rule 14. *See Bank of India*, 239 F.3d at 438 ("[T]he impleader action must be dependent on, or derivative of, the main or third-party claim."). Target's motion to implead Allied therefore is granted.

Because the Court has ancillary jurisdiction over this claim, the Court has subject-matter jurisdiction over this case. The parties, however, seek to remand this case to state court. Because the parties may have moved to remand the case simply to avoid dismissal for a lack of subject-matter jurisdiction, *cf. Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988) (addressing the concern that "in some circumstances a remand of a removal case involving pendent claims will better accommodate [the values of economy, convenience, fairness, and comity] than will dismissal of the case"), the motion to remand is denied without prejudice to

renewal, to the extent a motion to remand is appropriate, even if the Court has subject-matter jurisdiction over this case. *Cf. id.* at 357 ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

## IV. CONCLUSION

For all of the foregoing reasons, Target's motion to implead Allied is **GRANTED**. The parties' motion to remand is **DENIED** without prejudice.

SO ORDERED at Bridgeport, Connecticut, this 8th day of June, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE